# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WATERFALL HOMEOWNERS ASSOCIATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) 2:11-cv-01498-JCM -VCF |
| v. | ) ) **O R D E R** |
| VIEGA, INC*, et al.*, | ) ) |
| Defendants. | ) ) ) |

Before the court are defendants Viego, Inc., *et al*'s notices of related cases.  (Docs #44 and #45).

**Background**

The plaintiffs' complaint stems from alleged damages caused by "potable-water-delivery systems [that] utiliz[e] defective high zinc brass Vanguard Viega-brand or Wirsbo Uponor-brand fittings and . . . high zinc content brass plumbing components." (Doc #1). Prior to the filing of the action before this court, plaintiffs' counsel filed a putative class action in the Eighth Judicial District Court of Nevada (subsequently removed to this court) entitled *Fulton Park Unit Owners' Association v. PN II, Inc. d/b/a/ Pulte Homes of Nevada, et al.* (Case No. 11-cv-00783-RCJ-CWH)(hereinafter "*Fulton action"*). The plaintiffs in the *Fulton* action alleged claims relating to defective "high zinc brass plumbing components." Thereafter, plaintiffs' counsel filed another putative class action (subsequently removed to this court) entitled *Robert and Martha Wolinsky v. Carina Corporation* (Case No. 11-cv-00830-RCJ-CWH)(hereinafter "*Wolinsky* action"). The *Wolinsky* action also alleged claims relating to defective brass plumbing components.

On October 27, 2011, Chief Judge Robert C. Jones entered an order in the *Fulton* action comparing the *Fulton* action with the *Wolinsky* action and other similar actions filed in this district. (#43-4 Exhibit D). Judge Jones held that the complaints, all arising out of defective yellow brass

1 plumbing fittings, were "largely duplicative of one another and should all be consolidated." *Id.* Both
2 the *Fulton* action and the *Wolinsky* action were consolidated into *Slaughter v. Uponor, Inc.* (Case No.
3 2:08-cv-01223-RCJ-GWF)(hereinafter "*Slaughter* action"). *Id.* Judge Jones ordered the parties to "file
4 a notice in the *Slaughter* docket whenever another substantially similar case is filed in or removed to
5 a court of this District." *Id.*

6 Pursuant to Judge Jones' order, on November 21, 2011, defendants filed two notices of related
7 cases. (Docs #44 and #45). Defendants assert that the action before this court and *Charleston and*
8 *Jones, LLC, et al v. Uponor, Inc., et. al.* (Case No. 11-cv-1637-KJD-GWF) are "substantially the same"
9 as the *Slaughter* action. Defendants ask this court to consolidate both of the actions into *Slaughter*,
10 because Judge Jones is "already familiar with the underlying allegations." *Id.* Defendants argue that
11 if the cases are not consolidated, it would result in a "substantial duplication of labor." *Id.*

12 **Request To Consolidate**

13 Prior to filing the notices of related cases (docs #44 and #45), the defendants filed a motion to
14 dismiss, or in the alternative, for consolidation into the *Slaughter* action (Case No. 08-cv-01223-RCJ-
15 GWF). (Doc #43). In the motion, defendants argue that consolidation is necessary because the cases
16 are substantially similar or even identical in nature. *Id.* Defendants assert that the "class allegations of
17 the Fulton Park Class Action, the Wolinsky Class Action and the instant [action] are the same or
18 virtually identical," and that the proposed class in the instant action is encompassed within the *Fulton*
19 action's class. *Id.* Defendants also contend that the alleged defect, relief sought, factual allegations,
20 and even many parties and attorneys in the class actions (previously consolidated into *Slaughter*)
21 relating to the defective zinc content in plumbing components are "virtually identical" to those in the
22 action before this court. *Id.*

23 In the plaintiffs' opposition (doc #66), they recognize that Judge Jones requested to be notified
24 of similar defective zinc actions in this district. Plaintiffs' counsel concedes that "there are a lot of
25 claims or cases that involve . . . yellow brass plumbing systems," but assert that they filed the actions

26
2

separately "to preserve individual rights." (Doc #66).  Plaintiffs agree with defendants that the similar actions should be consolidated, but, in light of the fact that many actions are pending in different districts, argue that consolidation would be better handled by the recently filed multi-district litigation petition. (Doc #66).

**Discussion**

In these circumstances, to avoid substantial duplication of labor if the actions were heard by different district or magistrate judges, the above captioned action shall be reassigned to Chief Judge Jones and Magistrate Judge Foley.  *See* Local Rule 7-2.1.  The request to consolidate will be addressed following reassignment.

Accordingly, and for good cause shown,

IT IS ORDERED that the above captioned case (Case No. 2:11-cv-01498-JCM-VCF) is REASSIGNED to Chief Judge Jones and Magistrate Judge Foley for all further proceedings.

DATED this 18th day of January, 2012.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

3