PAT LUNDVALL
Nevada State Bar No. 3761
AMANDA C. YEN
Nevada State Bar No. 9726
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:   702.873.9966
Email: plundvall@mcdonaldcarano.com
       ayen@mcdonaldcarano.com

MATTHEW J. KEMNER (*pro hac vice*)
CHAD STEGEMAN (*pro hac vice*)
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery St., Ste. 400
San Francisco, CA  94104
Telephone:    415.989.5900
Facsimile:    415.989.0932
Email:   MatthewK@cbmlaw.com

*Attorneys for Defendants VANGUARD PIPING
SYSTEMS, INC., VIEGA, INC., VIEGA, LLC, VG
PIPE, LLC, AND VANGUARD INDUSTRIES, INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WATERFALL HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation, individually and in its representative capacity; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIEGA, INC., a Delaware corporation; et al.,<br><br>Defendants. | CASE NO.:  2:11-CV-1498-RCJ-GWF<br><br>**VANGUARD PIPING SYSTEMS, INC.; VIEGA, LLC; VIEGA, INC.; VG PIPE, LLC AND VANGUARD INDUSTRIES, INC.'S:** *(i) MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF ORDER OVERRULING OBJECTION TO MAGISTRATE'S DENIAL OF MOTION TO SEVER CLAIMS; AND (ii) MOTION TO CLARIFY RULING ON MOTION TO DISMISS AS TO VANGUARD PIPING SYSTEMS, INC.* |

**I.    Introduction**

In its Order overruling the Vanguard Defendants' objection to the Magistrate Judge's denial of their motion to sever claims relating to the Uponor Defendants' fittings,[1] the Court found that the "magistrate judge erred in denying severance[.]" Dkt. 104 at 25:22-23.  Despite

---

[1]    The name "Vanguard Defendants" as used herein refers collectively to Vanguard Piping Systems, Inc., Viega, LLC, Viega, Inc., VG Pipe LLC, and Vanguard Industries, Inc.

CBM-PRODUCTS\SF556382.3

recognizing the Magistrate Judge's error, the Court ultimately overruled the Vanguard Defendants' objection based on its dismissal of the Uponor Defendants, which the Court stated rendered the objection and the underlying motion for severance moot. *Id*. The Vanguard Defendants respectfully submit that dismissal of the Uponor Defendants did not render the Vanguard Defendants' objection and underlying motion to sever moot.

The relief sought in the Vanguard Defendants' motion – that claims made against the separate product brands be severed to avoid litigation with two different product brands in the same litigation – was not fully addressed. Although the Uponor Defendants have been dismissed, claims relating to their plumbing products are ***still pending***, because Centex Homes and the Interstate Plumbing Defendants have ***not*** been dismissed from this case, and the Complaint alleges claims against them based in whole or in part on their alleged involvement in installing Uponor/Wirsbo fittings in the subject homes. The Vanguard Defendants' motion to sever would only be moot if such claims had in fact been dismissed. Given the Court's recognition that severance of Uponor/Wirsbo-related claims is warranted, the Vanguard Defendants respectfully request the Court clarify the status of such claims or, alternatively, reconsider its order on the Vanguard Defendants' objection and sever all claims relating to the Uponor Defendants' products. To the extent the claims relating to Uponor/Wirsbo products still exist and are severed, they could be consolidated with the *Slaughter* matter.

In addition, the Vanguard Defendants respectfully request that the Court rule upon the motion to dismiss Vanguard Piping Systems, Inc. ("VPSI") on the grounds that it had been merged out of existence years prior to the filing of this action and, therefore, has no capacity to be sued. The Court's order does not address this independent basis for dismissal of VPSI, which should be granted for the reasons set forth in the Motion to Dismiss.

**II.     Relevant Background**

In their Complaint, Plaintiffs brought claims against both the Vanguard Defendants and the Uponor Defendants alleging that their respective Vanguard/Viega and Uponor/Wirsbo yellow brass plumbing products were defective. The Complaint also includes claims against Centex Homes—the alleged builder of the subject homes—and various subcontractor

2

defendants based on their incorporation of Vanguard/Viega and/or Uponor/Wirsbo products into the subject homes. Dkt. 1, ¶¶ 14(a)-(b), 16(a)-(d). Plaintiffs allege that Centex Homes used both Vanguard/Viega and Uponor/Wirsbo products in building the subject homes. As for the subcontractor defendants, Plaintiffs allege that the Interstate Plumbing Defendants installed Uponor/Wirsbo products and that Dynamic Plumbing Systems, Inc. of Nevada installed Vanguard/Viega products.[2] *Id.*

On December 2, 2011, the Vanguard Defendants filed a Joint Motion to Sever Claims Against Different Products seeking to sever the claims against them from those relating to products made by other manufacturers, including the Uponor Defendants. Dkt. 49. The Vanguard Defendants sought such severance on the grounds that claims relating to Viega/Vanguard-brand products, on the one hand, and Uponor/Wirsbo-brand products, on the other, do not arise from the same transaction or occurrence or present meaningful common questions of law and fact. Dkt. 54, 56. The Uponor Defendants and Centex Homes joined in the Vanguard Defendants' motion. Plaintiffs opposed the motion. Dkt. 57.

On January 30, 2012, Magistrate Judge Foley denied the motion to sever. Dkt. 77. The Vanguard Defendants filed an Objection to the Magistrate Judge's Decision on the Joint Motion to Sever Claims (the "Objection") on February 13, 2012, on the grounds that denial of the motion was clearly erroneous and contrary to law. Dkt. 85.

On July 10, 2012, the Court issued an Order addressing several motions by various defendants, including the Vanguard Defendants' Objection and the Uponor Defendants' motion to dismiss pursuant to Rule 12(b)(6) or, in the alternative, to consolidate the case with the *Slaughter* litigation. Dkt. 104. The Court granted in part the Uponor Defendants' motion and dismissed them from the case on the grounds that the claims against them in this action violated the rule against claim splitting. *Id.* at 18-19. However, the Court's Order is silent as to whether the Uponor/Wirsbo-related claims against Centex Homes and the Interstate Plumbing Defendants were also eliminated.

---

[2] The name "Interstate Plumbing Defendants" as used herein refers collectively to Interstate Plumbing & Air Conditioning, Inc., Interstate Plumbing & Air Conditioning, LLC, Interstate Services, and James Manning.

3

In ruling on the Vanguard Defendants' Objection, the Court agreed that Plaintiffs sought "to join two different manufacturers with two different products who have no apparent contractual, agency, or other relationship" and that the law did not support the joinder of "both sets of *Defendants*." *Id.* at 25:1-5 (emphasis in original). Thus, "the Court rule[d] that the magistrate judge erred in denying severance to the Viega Defenants." *Id.* at 25:22-23. However, the Court ultimately declined to order the requested relief on the grounds that dismissal of the Uponor Defendants rendered the objection and motion to sever moot: "[B]ecause the Court dismisses the Uponor Defendants under the anti-claim-splitting rule, the present motion will be denied as moot." *Id.* at 25:23-25. The Order did not note the fact that Plaintiffs' claims against Centex Homes and the Interstate Plumbing Defendants concerning Uponor/Wirsbo-brand products were not entirely dismissed from the case.

## III. Argument

### A. Legal Standard

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *Evans v. Inmate Calling Solutions*, 2010 U.S. Dist. LEXIS 41100, at *4 (D. Nev. Apr. 27, 2010). In the District of Nevada, "the standard for a motion to alter or amend judgment under Rule 59(e) [is used] when evaluating motions to reconsider an interlocutory order." *Id.*

Thus, a motion for reconsideration must set forth: "(1) some valid reason why the court should revisit its prior order; and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Id.* (citations omitted). Reconsideration may be appropriate where the order is the result of error. *Id.* at 5.

. . .

. . .

. . .

4

### B. Clarification/Reconsideration of the Objection Is Appropriate Because the Court Agrees That Severance Is Warranted But Found the Objection Moot

The Vanguard Defendants respectfully submit that clarification of the status of Uponor/Wirsbo-related claims and/or reconsideration of the Court's Order overruling the Objection to the magistrate's order is appropriate under the present circumstances. Severance of claims relating to Uponor/Wirsbo-brand products is warranted, and the Court explicitly found that the Magistrate Judge erred in denying the motion to sever claims against the Vanguard Defendants from claims relating to products from other manufacturers. The sole basis for the Court's decision to nonetheless overrule the Objection was its belief that dismissal of the Uponor Defendants eliminated all claims relating to Uponor/Wirsbo products and rendered the Objection and underlying motion to sever moot.

To the extent there are any claims against Centex Homes and Interstate Plumbing involving Uponor/Wirsbo-brand products, those claims should be severed for the exact same reasons the Court found severance of the Uponor Defendants to be appropriate. They involve different products than those at issue with respect to the Vanguard Defendants. As the Court noted: "The components and precise metallurgical compositions were different. The retailers were different. The manufacturers were different." Dkt. 104 at 25:20-21. Such factors warrant severance of claims involving Uponor/Wirsbo-brand products whether brought against the Uponor Defendants or Centex Homes and the Interstate Plumbing Defendants.

In sum, the clear intent of the Court's Order was to sever all claims relating to Uponor/Wirsbo-brand products from those relating to Vanguard/Viega products. Clarification of the status of Uponor/Wirsbo-related claims or reconsideration of the Order to sever such claims as Plaintiff has alleged against Centex Homes and the Interstate Plumbing defendants is consistent with that intent and appropriate under the circumstances.

### C. The Court Should Rule Upon—and Grant—the Motion to Dismiss VPSI, Which Was Merged Out of Existence Before This Lawsuit

In their Motion to Dismiss, the Vanguard Defendants sought dismissal of VPSI on the independent grounds that it had been merged out of existence prior to the filing of this action

and, therefore, lacked the capacity to be sued. Dkt. 37 at 13 n.2. The request for VPSI's dismissal was unopposed. The Court's Order did not address this argument, but instead ruled that the *other* Vanguard Defendants could be liable for VPSI's warranties on the basis of successor or alter ego liability. Dkt. 104 at 14:20-23. The Vanguard Defendants do not request reconsideration of the ruling as it pertains to the non-VPSI defendants. Instead, they respectfully request that the Court resolve the issue of whether *VPSI* has the capacity to be sued in this action. VPSI's merger out of existence provides an independent basis for dismissal of *VPSI* that was not ruled upon in the Court's Order.

### IV. Conclusion

The Court's Order correctly found that "the magistrate judge erred in denying severance to the Vanguard Defendants," but also found that dismissal of the Uponor Defendants rendered the Objection and underlying motion moot. *Id.* at 25:22-25. Therefore, the Vanguard Defendants respectfully request that the Court: (i) clarify or reconsider its order overruling the Objection; (ii) sustain the Objection in its entirety; and (iii) sever the claims against them from those relating to products made by the Uponor Defendants.

In addition, the Vanguard Defendants respectfully request that the Court rule upon—and grant—the Motion to Dismiss Vanguard Piping Systems, Inc. on the grounds that it lacks the capacity to be sued.

RESPECTFULLY SUBMITTED this 6th day of August 2012.

McDONALD CARANO WILSON LLP

By: */s/ Amanda C. Yen*
PAT LUNDVALL (NSBN 3761)
AMANDA C. YEN (NSBN 9726)
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966

*Attorneys for Defendants VANGUARD PIPING SYSTEMS, INC., VIEGA, INC., VIEGA, LLC, VG PIPE, LLC, AND VANGUARD INDUSTRIES, INC.*

LVDOCS-#257425-v1

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 6th day of August, 2012, a true and correct copy of the foregoing **VANGUARD PIPING SYSTEMS, INC.; VIEGA, LLC; VIEGA, INC.; VG PIPE, LLC AND VANGUARD INDUSTRIES, INC.'S:** *(i) MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF ORDER OVERRULING OBJECTION TO MAGISTRATE'S DENIAL OF MOTION TO SEVER CLAIMS; AND (ii) MOTION TO CLARIFY RULING ON MOTION TO DISMISS AS TO VANGUARD PIPING SYSTEMS, INC.* was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in the captioned case.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP